IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

IVAN LACKING,

      Petitioner,

                                       **Case No. 2:15-cv-3069**

  v.                                   **JUDGE WATSON**

                                         **Magistrate Judge King**

CHARLOTTE JENKINS, WARDEN,

      Respondent.

## REPORT AND RECOMMENDATION

      Petitioner, a state prisoner, filed this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  This matter is before the Court on the *Petition* (ECF No. 1), Respondent's *Motion to Dismiss* (ECF No. 8), Petitioner's *Response in Opposition* (ECF No. 11), and the exhibits of the parties.  For the reasons that follow, the Magistrate Judge **RECOMMENDS** that Respondent's *Motion to Dismiss* (ECF No. 8) be **GRANTED** and that this action be **DISMISSED** as barred by the one-year statute of limitations established by 28 U.S.C. § 2244(d).

### Facts and Procedural History

      The Ohio Tenth District Court of Appeals summarized the facts and procedural history of this case as follows:

> On July 27, 2010, appellant pleaded guilty to a number of felonies in two separate cases. Specifically, in case No. 09CR–5537, appellant pleaded guilty to two counts of robbery, both being third-degree felonies, accompanied by a firearm specification. In case No. 09CR–5876, appellant pleaded guilty to one count of robbery, a felony of the third degree, accompanied by a firearm specification. On July 30, 2010, the trial court sentenced appellant to a prison term of three years for each of the robbery convictions, to be served concurrently, and a prison term of three years for each

of the firearm specifications, to be served consecutively, for a total prison term of 12 years.[1]

Appellant did not file a timely appeal from the judgment of conviction and sentence journalized on July 30, 2010. On December 3, 2012, appellant filed a motion for leave to file a delayed appeal pursuant to App.R. 5(A). On January 17, 2013, this court denied appellant's motion for leave. *State v. Lacking*, 10th Dist. No. 12AP–1011 (Jan. 17, 2013) (memorandum decision).

On November 27, 2013, pursuant to Crim.R. 32.1, appellant filed a motion to withdraw his guilty plea. The trial court construed appellant's motion as a petition for postconviction relief, and on March 5, 2014, the trial court issued a decision denying the petition.

On September 4, 2014, appellant filed a motion for delayed appeal, pursuant to App.R. 5(A), seeking leave to appeal the trial court's March 5, 2014 judgment entry. In a November 20, 2014 memorandum decision, this court ruled that the notice of appeal filed by appellant in connection with his motion for delayed appeal was, in fact, a timely filed notice of appeal from the March 5, 2014 judgment. Accordingly, we ruled that the motion for delayed appeal was moot. *State v. Lacking*, 10th Dist. No. 14AP–691 (Nov. 20, 2014) (memorandum decision). Our memorandum decision reads, in relevant part, as follows:

> Because an action for post-conviction relief constitutes a civil proceeding, Civ.R. 58 is applicable to any judgment rendered with regard to a motion for post-conviction relief. *State ex rel. Ford v. McClelland*, 8th Dist. No. 100014, 2013–Ohio–4379, ¶ 4. Civ.R. 58(B) provides that, within three days of entering the judgment upon the journal, the clerk "shall serve the parties in a manner prescribed by Civ.R. 5(B) and note the service in the appearance docket. Upon serving the notice and notation of the service in the appearance docket, the service is complete." Here, consistent with appellant's claim, the record reveals the trial court failed to place an entry on its appearance docket noting service of the judgment. The failure to comply with Civ.R. 58(B) tolls the time for filing

---

[1] The trial court sentenced Petitioner pursuant to the joint recommendation of the parties. Exhibit 12, attached to *Motion to Dismiss* (ECF No. 8-1, PageID# 84).

the appeal. *See In re Anderson*, 92 Ohio St.3d 63, 71 (2001).

Given our prior ruling, this case is before us pursuant to appellant's direct appeal from the trial court's March 5, 2014 judgment entry denying his motion for postconviction relief.

II. ASSIGNMENTS OF ERROR

Appellant assigns the following as error:

Assignment of Error No. 1: The defendant's plea is invalid when he was not informed that he would receive nine (9) years mandatory on his sentence.

Assignment of Error No. 2: Trial court provided ineffective assistance of counsel by coercing/threatening the defendant into a plea.

Assignment of Error No. 3: Trial counsel provided ineffective assistance by failing to inform the defendant that his sentence would contain a 9 year prison term.

Assignment of Error No. 4: The trial court by erred by coercing/threatening the defendant into accepting a plea.

*State v. Lacking*, Nos. 14AP-691, 14AP-692, 2015 WL 2058972, at *1-2 (Ohio App. 10th Dist. May 5, 2015). On May 5, 2015, the appellate court affirmed the trial court's dismissal of Petitioner's postconviction petition as untimely. *Id.* On August 26, 2015, the Ohio Supreme Court declined jurisdiction of the appeal. *State v. Lacking*, 143 Ohio St.3d 1447 (2015).

Meanwhile, on January 26, 2015, Petitioner filed in the trial court a *Motion for Re-Sentencing Based on Void Judgment*, complaining that the trial court had failed to notify him of the consequences of violating post release control. Exhibit 41, attached to *Motion to Dismiss* (ECF No. 8-1, PageID# 308.) On February 11, 2016, the trial court denied the motion. Exhibit 47, attached to *Motion to Dismiss* (ECF No. 8-1, PageID# 352.) Petitioner filed a petition for a writ of *procedendo*, requesting the state appellate court to order the trial court to rule on his

3

motion; however, on August 2, 2016, the appellate court dismissed the petition as moot. *State ex rel. Lacking v. Woods*, No. 16AP-49, 2016 WL 4092043 (Ohio App. 10th Dist. Aug. 2, 2016).

Petitioner executed the *Petition* on December 3, 2015. *Petition* (ECF No. 1, PageID# 15.) He alleges that his guilty plea is invalid because he was not informed that he would be subject to a nine year mandatory sentence (claim one); that he was denied the effective assistance of counsel because his attorney coerced and threatened him into entering a guilty plea (claim two); that he was denied the effective assistance of counsel because his attorney failed to inform him that he would receive a nine year mandatory sentence (claim three); and that the trial court erred by coercing and threatening Petitioner into accepting the guilty plea (claim four). Respondent moves to dismiss the action as barred by the one-year statute of limitations established by 28 U.S.C. § 2244(d).

### Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations on the filing of habeas corpus petitions. 28 U.S.C. § 2244(d) provides as follows:

> (d) (1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly

recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Pursuant to § 2244(d)(1)(A), Petitioner's judgment of conviction became final on August 30, 2010, *i.e.,* when the time for filing a timely appeal of the trial court's July 30, 2010, judgment of conviction expired.[2] *See Board v. Bradshaw*, 805 F.3d 769, 772 (6th Cir. 2015); *Keeling v. Warden, Lebanon Corr. Inst*., 673 F.3d 452, 460 (6th Cir. 2012) (citing *Gonzalez v. Thaler*, -- U.S. --, 132 S.Ct. 641, 653–54 (2012); Ohio Appellate Rule 4(A). The statute of limitations began to run the following day and expired one year later, on August 31, 2011. Yet Petitioner waited more than four years and three months later, until December 3, 2015, to execute the *Petition*. Further, none of his subsequent state court filings, the earliest of which he filed in December 2012, would have tolled the running of the statute of limitations, because he filed all those actions after the statute of limitations had already expired. State collateral actions filed after the statute of limitations has expired do not toll the running of the statute of limitations under 28 U.S.C. § 2244(d) (2). *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) ("The tolling provision does not. . . 'revive' the limitations period (*i.e*., restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations.").

---

[2] Petitioner had thirty days to file an appeal. Ohio Appellate Rule 4(A). However, since that day fell on a weekend, he had until the following Monday to file the appeal. Ohio Appellate Rule 14(A).

Petitioner maintains that equitable tolling of the statute of limitations is warranted because the trial court incorrectly advised him that he had waived his right to appeal by virtue of his guilty plea, that his attorney failed to advise him of his right to appeal, and that he did not know about his right to appeal. *Response in Opposition* (ECF No. 11, PageID# 458-59). Petitioner also contends that defense counsel performed in a constitutionally ineffective manner by failing to consult with him regarding the filing of an appeal and failing to file a notice of appeal in light of Petitioner's protestations of innocence of the charges against him and his attempt to obtain new counsel and expressions of dissatisfaction with his attorney made at the time of his guilty plea. *Id.* (PageID# 460). Petitioner alleges that the trial court and/or defense counsel coerced his guilty plea and that he did not knowingly, intelligently, and voluntarily plead guilty. *Id.* (PageID# 462). The record, however, does not support these allegations and fails to establish that equitable tolling of the statute of limitations is appropriate.

The AEDPA's limitations period is not jurisdictional and is subject to equitable tolling, although it is granted only sparingly in habeas cases. *Hall v. Warden, Lebannon Corr. Inst.,* 662 F.3d 745, 749 (6th Cir. 2011). In order to establish equitable tolling, a petitioner must establish that (1) he has been pursuing his rights diligently and (2) some extraordinary circumstance stood in his way and prevented him from filing in a timely fashion. *Holland v. Florida*, 560 U.S. 641, 649 (2010)(citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The petitioner bears the burden of demonstrating that he is entitled to equitable tolling. *Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir. 2011). Petitioner has failed to meet this burden.

The Supreme Court has allowed equitable tolling where a claimant actively pursued judicial remedies by filing a timely, but defective, pleading or where he was induced or tricked by his opponent's misconduct into allowing the filing deadline to pass. *Irwin v. Dep't of Veterans*

6

*Affairs*, 498 U.S. 89, 96 (1990). Where the party failed to exercise due diligence in preserving his legal rights, courts are much less forgiving. *Id.; Jurado v. Burt*, 337 F.3d 638, 642–13 (6th Cir. 2003). A prisoner's *pro se* incarcerated status, lack of knowledge regarding the law, and limited access to the prison's law library or to legal materials do not provide a sufficient justification to apply equitable tolling of the statute of limitations. *Hall*, 662 F.3d at 751 (citation omitted). These are conditions typical for many prisoners and do not rise to the level of exceptional circumstances. *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004). Similarly, bad advice from a fellow inmate or other non-lawyers does not constitute grounds for equitable tolling of the statute of limitations. *Allison v. Smith*, No. 2:14–cv–10423, 2014 WL 2217238, at *5 (E.D.Mich. May 29, 2014) (citing *Smith v. Beightler*, 49 F. App'x 579, 580–81 (6th Cir. 2002); *United States v. Cicero*, 14 F.3d 199, 204–05 (D.C.Cir. 2000); *Henderson v. Johnson*, 1 F.Supp.2d 650, 655 (N.D.Tex.1998)). A "[p]etitioner's reliance on jailhouse lawyers is not an extraordinary circumstance warranting equitable tolling." *Arriaga v. Gonzales*, No. 13–1372–AG (JPR), 2014 WL 5661023, at 12 (C.D.Cal. Oct.31, 2014) (citations omitted). "Generally, a habeas petitioner's reliance on unreasonable or incorrect legal advice from his attorney is not a valid ground for equitable tolling of the statute of limitation." *Brown v. Bauman*, No. 2:10–cv–264, 2012 WL 1229397, at *9 (W.D.Mich. April 12, 2012) (citations omitted). "The fact that Petitioner may be ignorant of the law and instead chose to rely on counsel, in itself, does not provide a basis for equitable tolling. Neither a prisoner's *pro se* status nor his lack of knowledge of the law constitute[s] extraordinary circumstances justifying equitable tolling." *Taylor v. Palmer*, No. 2:14–cv–14107, 2014 WL 6669474, at *4 (E.D.Mich. Nov.11, 2014) (citing *Rodriguez v. Elo*, 195 F.Supp.2d 934, 936 (E.D.Mich. 2002); *Johnson v. United States*, 544 U.S. 295, 311 (2005) ("[W]e have never accepted *pro se* representation alone or procedural ignorance

as an excuse for prolonged inattention when a statute's clear policy calls for promptness")).
"Attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the
postconviction context where prisoners have no constitutional right to counsel." *Lawrence v.
Florida*, 549 U.S. 327, 336–37 (2007) (citation omitted).

In *Holland,* 560 U.S. 631, the Supreme Court held that egregious misconduct by an
attorney might constitute an extraordinary circumstance warranting equitable tolling of the
statute of limitations, but the Court also noted that a "garden variety claim of excusable neglect,"
such as a miscalculation that leads a lawyer to miss a filing deadline, would not justify the
equitable tolling of the statute of limitations. *Id*. at 651-52 (citations omitted).  The record in this
action fails to reflect any egregious misconduct by defense counsel that would justify equitable
tolling of the statute of limitations.

Petitioner claims that he did not know about his right to appeal.  In *DiCenzi v. Rose*, 452
F.3d 465 (6th Cir. 2006), the United States Court of Appeals for the Sixth Circuit held that,
where a criminal defendant is not advised of and does not know of his right to appeal, claims
relating to events that occurred at the time of sentencing may be timely under 28 U.S.C. §
2244(d)(1)(D) if the petitioner acted reasonably diligently in learning about his right to appeal:

> The proper task in a case such as this one is to determine when a
> duly diligent person in petitioner's circumstances would have
> discovered [his right to an appeal]. After that date, petitioner was
> entitled to further delay (whether in actually making the discovery,
> or in acting on a previously made discovery, or for any other
> reason whatsoever), so long as he filed his petition within one year
> of the date in which the discovery would have been made in the
> exercise of due diligence.
>
> * * * *
>
> [T]he date on which the limitations clock began to tick is a fact-
> specific issue the resolution of which depends, among other things,
> on the details of [a defendant's] post-sentence conversation with

8

> his lawyer and on the conditions of his confinement in the period
> after [sentencing].
>
> *Wims*, 225 F.3d at 190–91 (citing *Easterwood v. Champion*, 213
> F.3d 1321, 1323 (10th Cir. 2000) (taking into account "the realities
> of the prison system" in determining due diligence)).

*Id*. at 470–471 (citing *Wims v. United States*, 225 F.3d 186 (2nd Cir. 2000)). "[P]etitioner bears the burden of proving that he exercised due diligence, in order for the statute of limitations to begin running from the date he discovered the factual predicate of his claim, pursuant to 28 U.S.C. § 2244(d)(1)(D)." *Id.,* at 471 (citing *Lott v. Coyle*, 261 F.3d 594, 605–06 (6th Cir. 2001)). The Court also construes *DiCenzi v. Rose*, in conjunction with *Johnson v. United States*, 544 U.S. 295 (2005), which requires consideration of the petitioner's exercise of diligence. Thus, a petition will not be deemed timely where the petitioner fails to act with reasonable diligence. *See Neu v. Brunsman,* No. 2:09-cv-257, 2010 WL 5600902, at *4 (S.D. Ohio Oct. 12, 2010) (same) (citing *Pierce v. Banks*, No. 2:09-cv-00590, 2009 WL 2579202 (S.D. Ohio Aug. 20, 2009); *Korbel v. Jeffries*, No. 2:06-cv-625, 2008 WL 269626 (S.D. Ohio Jan. 29, 2008); *Ward v. Timmerman–Cooper*, No. 2:07-cv-41, 2008 WL 214411 (S.D. Ohio Jan. 23, 2008)). "Applying *DiCenzi* and *Johnson*, Petitioner must demonstrate either that he exercised due diligence in discovering the lack of notice of his right to appeal, the fact on which his conviction-based claims are predicated, or that he filed for habeas within one-year from the time a person exercising due diligence in Petitioner's position would have discovered that fact." *McIntosh v. Hudson*, 632 F. Supp. 2d 725, 734 (N.D. Ohio July 10, 2009) ("A person in Petitioner's position exercising due diligence would have acted much sooner, seeking out his rights and remedies rather than waiting [more than two and one half years after his conviction] for a law clerk. . . to '[notice] that [he] was never informed of his right to appeal[.]' ")

Contrary to Petitioner's allegation, the trial court did not tell Petitioner that he had waived all appellate rights, nor was Petitioner misadvised about his right to an appeal.  Notably, in denying petitioner's motion to withdraw his guilty plea, the state trial court stated:

> [T]he defendant suggests that the Court told him he was not allowed to appeal.  This is not correct.  The Court did, as part of the Crim. R. 11 colloquy, inform the defendant that in giving up his right to trial, he gave up his right to an appeal from errors that may be committed at trial.[3]  Also, as part of the Crim. R. 11 colloquy, the defendant said he signed the Entry of Guilty plea forms, he went over the forms with defense counsel before he signed them and he understood the things contained in the forms.  In fact, defendant was aware of his right to appeal, as he approved an entry of Guilty Plea in both cases, which stated that "I understand that I can appeal as a matter of right from plea and sentence within thirty days of the filing of my judgment of conviction".
>
> Furthermore, it is accurate that defendant could not appeal from the Court's imposition of the jointly recommended sentences.  R.C. 2953.08(D)(1).
>
> ***
>
> Furthermore, defendant, a college graduate, signed two guilty plea forms that contained language explaining the mandatory nature of the sentence on the firearm specifications.  The prosecutor, in open Court during the guilty plea explained the mandatory nature of the sentence on the firearm specifications.  The Court specifically told the defendant that the nine year sentence on the firearm specifications would be done day for day, no time off for good behavior.

---

[3] The trial court stated:

> "[I]f you thought mistakes were made during the trial you could appeal that to a higher court, but since you're giving up your right to these trials there won't be any appeal from a trial.  Do you understand that?"
>
> DEFENDANT:  Yes.

*Transcript of Guilty Plea Hearing*, attached as Exhibit 65 to *Motion to Dismiss* (ECF No. 8-1, PageID# 446).  Petitioner indicated that he had no questions.  *Id.*

> . . . [D]efendant asserts that his trial counsel and this Court "coerced/threatened" him into pleading guilty.  The transcript of the Court's interaction. . . speaks for itself.
>
> . . . [D]efendant was asked specifically if he was satisfied with his attorney's counsel and advice.  Thereafter in three pages of transcript, the defendant voiced concerns but never once mentioned coercion or threats by counsel.

*Decision and Entry Denying Defendant's November 27, 2013, Motion to Withdraw Guilty Plea,* attached as Exhibit 26 to *Motion to Dismiss* (ECF No. 8-1, PageID# 171-72).  These findings are presumed to be correct, *see* 28 U.S.C. § 2254(e), and Petitioner has failed to meet his burden of rebutting that presumption.

The transcript of Petitioner's guilty plea hearing indicates that the trial court sentenced Petitioner pursuant to the joint recommendation of the parties, that Petitioner indicated that he understood the sentence that would be imposed, and that he expressed satisfaction with his attorney's counsel and advice.  *Transcript of Guilty Plea Hearing*, attached as Exhibit 65 to *Motion to Dismiss* (ECF No. 8-1, PageID# 441-42).   He indicated that he freely and voluntarily entered his guilty plea.  *Id*. (PageID# 446-47).

Moreover, lack of actual notice and "ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing." *Fisher v. Johnson*, 174 F.3d 710, 714–15 (5th Cir. 1999). *See also United States v. Baker*, 197 F.3d 211, 218 (6th Cir. 1999); *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991). Petitioner waited more than two years after the imposition of sentence to file a motion for a delayed appeal, despite signing *Entry of Guilty Plea* forms indicating that he understood that he must appeal within thirty days.  Furthermore, Petitioner has not explained what action he took, if any, during that time to learn about his right to appeal, nor has he identified any factor that prevented him from earlier learning about the right to appeal. *See Baker v. Wilson*, No. 5:06-cv-1547, 2009 WL 313325, at *12 (N.D. Ohio Feb. 6, 2009)

(concluding that petitioner failed to act diligently in waiting three years to learn about his right to appeal, noting that "[c]ourts in this Circuit have recognized that when a petitioner has access to retained counsel, due diligence requires that he ask his counsel about his appellate rights" and "[a] period not greater than 90 days is a reasonable amount of time in which to inquire of counsel.") (citing *Ramos v. Wilson*, No. 1:06CV901, 2008 WL 2556725 (N.D. Ohio 2008);  *see also Ward v. Timmerman-Cooper*, No. 2:07-cv-41, 2008 WL 214411, at *5 (S.D. Ohio Jan. 23, 2008) (no due diligence where the petitioner "apparently made no effort to learn about his right to appeal for more than seven years from the date of his sentencing[.]") "Due diligence requires the petitioner to pursue his rights[.]"  *Steward v. Moore*, 555 F. Supp. 2d 858, 869 (N.D. Ohio 2008) (no due diligence where the petitioner "had free access to law libraries, the public defender's office, and the court for over six years prior to the date he says he discovered his ability to challenge the conviction").

> Even those not versed in the law recognize the centuries-old maxim that "ignorance of the law is no excuse." This maxim, deeply embedded in our American legal tradition, reflects a presumption that citizens know the requirements of the law. The benefits of such a presumption are manifest. To allow an ignorance of the law excuse would encourage and reward indifference to the law. Further, the difficulty in proving a defendant's subjective knowledge of the law would hamper criminal prosecutions.

*United States v. Baker*, 197 F. 3d at 218.

Petitioner claims that, but for his attorney's failure to advise him of his right to appeal, he would have timely filed this action.  However, he waited almost three years after the appellate court's denial of his motion for leave to file a delayed appeal to execute this habeas corpus petition.  He offers no explanation, or justification, for that delay.

The one-year statute of limitations may also be equitably tolled upon a "credible showing of actual innocence."  *Souter v. James*, 395 F.3d 577, 602 (6th Cir. 2005). "[A] petitioner whose

claim is otherwise time-barred may have the claim heard on the merits if he can demonstrate through new, reliable evidence not available at trial, that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt." *Yates v. Kelly,* No. 1:11–cv–1271, 2012 WL 487991 (N.D.Ohio Feb.14, 2012) (citing *Souter*, 395 F.3d at 590). Actual innocence means factual innocence, not mere legal insufficiency. *See Bousely v. United States,* 523 U.S. 614, 623 (1998). Without "new evidence" that makes it "more likely than not that no reasonable juror would have convicted him," a petitioner may not make use of the actual-innocence gateway and escape AEDPA's statute of limitations. *McQuiggin v. Perkins,* 133 S. Ct. 1924, 1928 (2013) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)) (internal quotation marks omitted). Petitioner has not met this "demanding" actual-innocence standard. *See Perkins*, 133 S. Ct. at 1935.

For all these reasons, the Court concludes that Petitioner's claims are time barred.

### Recommended Disposition

Therefore, the Magistrate Judge **RECOMMENDS** that Respondent's *Motion to Dismiss* (ECF No. 8) be **GRANTED** and that this action be **DISMISSED** as barred by the one-year statute of limitations under 28 U.S.C. § 2244(d).

### Procedure on Objections

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or

13

modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

 *s/ Norah McCann King*  
Norah McCann King  
United States Magistrate Judge  
August 29, 2016